The issue in this case is the correct legal standard for determining whether or not a party seeking reimbursement for attorney fees and expenses under the Equal Access to Justice Act was correctly used in this case. We believe that the Veterans Court used the wrong legal standard to determine whether or not Ms. Dover was a prevailing party. What did she get out of the appeal? She didn't get anything in the merits. It was remanded to be dismissed, right? Well, I vigorously disagree. Not too vigorously. Not too vigorously. It is late in the week. The board in this case reached two requests for revisions and made two distinct legal errors. Both of which were conceded. Both of which were found to have been made by the Veterans Court. As a result, the Veterans Court determined that in one of the requests for revisions, there was no jurisdiction because the agency of In the second, the board took the wrong legal remedy and addressed the merits instead of dismissing without prejudice to allow for repleting. Both of those were legal determinations on the merits. And if there had not been an appeal, then the board... Let me see if I get this straight. As I understand it, Ms. Dover, I think she filed a 2008 Q claim. But it was wholly lacking in any specificity as to what the clear and unmistakable error was. Actually, it was Mr. Dover. Okay, Mr. Dover. I'm sorry. And Mrs. Dover. That's right. She ultimately succeeded him. Right.  That's correct. And then there was also a filing before the board where there was, I guess, additional argument and maybe some evidence. And maybe that's what... That was also improperly submitted because it needed to first be considered by the RO before the board could entertain it because it had to review whatever the RO was feeling for it. That's correct, Your Honor. The board couldn't address it in the first place. So the veterans court then said, okay, the Q claim as it was, was sufficient and so could not be entertained, needs to be dismissed. Could not have lawfully been entertained. Right. And then the second part, again, the board made a mistake in entertaining that because it needs to go to the RO first. Correct. And so, as I recall reading the veterans court's decision, made it clear that the board essentially lacked jurisdiction to handle either of these two things that Mr. Snyder submitted. Well, actually, the board did not lack jurisdiction to handle the second, the mispled one. The appropriate disposition under the veterans court case law was to dismiss without prejudice. The board clearly had jurisdiction to enter that order of dismissal and allow the veteran to replete it. Right. So if we read the veterans court's decision in saying the board, what the board should have done with all of this was dismiss it all without prejudice to permit Mr. Snyder to make a proper Q claim, refile his Q claim so that it fulfills all the technical requirements. Then why wouldn't this case be very, very similar to Halpern where the veterans court ordered the board to dismiss the case for lack of jurisdiction? The Halpern case is both distinguishable and non-applicable in this case. In Halpern, the veterans court was relying upon an earlier decision that determined that the board did not have jurisdiction to address the issue of fee eligibility in the first instance. On the basis of the Skates case, the court merely vacated and sent the case back to dismiss for lack of jurisdiction. On appeal, this court found that the veterans court used the wrong legal standard again in determining the question of prevailing party, but then went on to say that Mr. Halpern was not in fact a prevailing party because the legal relationship of the parties had not changed. The legal relationship of the parties in this case had changed. If there had not been an appeal of the board's decision by Mrs. Dover on behalf of her deceased husband, there would have been a final disposition and those allegations of clear and unmistakable error could not be repled again. They are now able to be repled and as the record indicates, the board on remand sent it back to the agency to address the repled Q claims. So the notion that there is any comparison between this and Halpern simply does not exist. What exists here is a clear addressing of the merits of whether or not the board made the correct decision on these requests for revisions. That was never reached in Halpern. The court did not decide whether they had... Actually, it's Dover, Your Honor. Dover. Sorry. Sorry about that. That's okay. Long, long week. I keep seeing you over and over again. Not that there's anything wrong with that. But the distinction here is that the board, or excuse me, the veterans court didn't have to reach the merits of the argument, but had to reach the merits of whether or not the board did or did not make the correct legal determination. And on procedural grounds, the board made clear errors of law regarding both requests for revision. And as a consequence, vacated the board's decision and sent it back to the board that then took further action. What the court erroneously concluded was is that Mrs. Dover would not obtain further agency proceedings other than dismissal. That's simply wrong. And the record demonstrates it. She did receive something more. That case has now gone back from the board to the agency. Are you relying on the fact that the board on remand designated what Mr. Dover filed before the board in 2011 as being a new Q claim? What the board did was to recognize that Mrs. Dover could replead the defectively pled request for revision that had been made by her husband before his death. And that replead Q claim was remanded back to the agency of original jurisdiction to address in the first instance, which they've now done and denied. That is now back in appeal status. There are clearly further proceedings. The legal relationship changed based upon the judicial decision that was made by the veterans court in this case. What if the board had just done what maybe the veterans court had originally expected, which is to dismiss everything and say to Mr. Dover, you need to refile the Q claim? What if that had been the facts of this case? Would you say that Mr. Dover was a prevailing party because even though his Q claim had been completely dismissed without prejudice, and then he had to refile his claim, and then maybe he ultimately did prevail, at least in part on that, he would still be a prevailing party here? Yes, Your Honor, because the question is whether or not there was or was not a change in the legal relationship. I guess your point is he needed to win the veterans court's vacature of the board's decision or else he would have been forever barred from ever refiling the Q claim. That's correct, Your Honor. That is the change in the legal relationship that took place here based upon both a concession of error by the VA and a finding of error by the veterans court. As I understood those prevailing party cases, they always talk about remand for further proceedings, i.e., in the same proceeding. In your fact pattern, based on the hypothetical I just created, the proceeding would have ended and a new proceeding would have had to be generated by refiling the Q claim. Except that that's what's contemplated by the court's case law in terms of the correct disposition of a claim that is not adequately or correctly pled. Right, but from the VA's perspective, from the veterans court's perspective, the proceeding is now finished once the Q claim is dismissed. If the veteran elects to subsequently refile, he's welcome to do that, but as far as this particular proceeding, it's over. Yes, Your Honor, except that that was the entire reason for the appeal of the board's decision that denied both requests for revisions in the first place. To either have the merits addressed or to recognize the procedural errors that were made and allow for a revision or repleting of that. And it is not a separate case because we're talking about undoing finality. There's something a little strange for me about your case because it's all predicated on Mr. Dover making certain mistakes. Mistake number one, filing a Q claim that was insufficiently pled. Mistake number two, presenting argument and evidence at the board level without having first submitted that evidence to the RO. And everything else that happened after that is because of Mr. Dover's own mistakes. And if everything had been done correctly in the first instance, all of that would have been dismissed in the first instance. Well, Your Honor, I have two responses to that. First, this is supposed to be a veteran-friendly, non-adversarial system. And those, quote, mistakes are because this is a very technical way of undoing the finality. And that's the case here. There are not separate proceedings. There is one goal and one goal only, to undo the finality of a previously final VA decision. It was not the errors of Mr. Dover that caused the legal error in this case. It was the error of the board in addressing it in the request for the first, request for revision in the first instance, and then addressing the merits without following the correct legal procedure to dismiss without prejudice. See that I'm into my rebuttal time? We will save it for you. Thank you. Ms. Cole. May it please the Court. This Court should affirm the decision of the Veterans Court denying Mrs. Dover attorney fees because she did not obtain at least some relief on the merits that materially altered the legal relationship of the parties. Well, can you respond to Mr. Carpenter's point that if Mr. Dover had not appealed the adverse board decision to the Veterans Court and succeeded in getting the Veterans Court to vacate that board decision, then Mr. Dover would be out of luck and would be unable to file any subsequent Q claims. Is that true? That's not true. So you can bring a Q claim at the RO level. You can bring many Q claims. You can only plead each Q claim once. Once you've pled it, then you're done. You can't bring that claim again. But you can plead Q on different bases. So simply because he was precluded from pleading it on one basis doesn't mean that he couldn't proceed. But I think more importantly – Could you develop that a little bit more for me? You can plead a Q claim on a different basis? What does that mean? What would that mean here? Let's assume for the moment that Mr. Dover never appealed the board decision. Would Mr. Dover, in that fact pattern, be able to just refile a Q claim, including all of the arguments that he presented to the board in his 2011 submission? Or would he be barred from that? I think the hypothetical is a little difficult in this situation because Mr. Dover didn't present any bases for his Q claim. In 2008? In 2008. But then he did in 2011. Correct. So what happened? So hypothetically, if he had filed his 2011 claim in 2008, those were the bases, and he lost on those bases, he could still present different bases for Q in those decisions, simply not on those same grounds. So he could argue that some – Okay, but what would have happened here? He gets the adverse board decision. He decides he wants to file a new Q claim. He wants it to encompass all the arguments he made in 2011. Would he be able to do it? No, he would not be able to do it. But I don't think that should determine – that warrants attorney's fees in this instance because the appropriate analysis for determining if attorney's fees are warranted is not whether someone is in a slightly different position than they would have been otherwise. It's a black-and-white analysis of whether you prevail. And the Supreme Court precedent makes clear that to prevail, you need the equivalent of an enforceable judgment on the merits or a court-ordered consent decree that materially alters the legal relationship with the parties. I have a couple of questions in that regard. The Veterans Court in sending the case back said that – they didn't say we're remanding for you to dismiss, correct? They said we're remanding for further proceedings?  They said further proceedings consistent with the – If that's the case, and taking that, because I think that's important to my next question, how does the case Motorola fit into this? I think Motorola fits in because the board specifically said, although the remand order itself said it was remanding for proceedings consistent with the decision, in the body of the decision, the Veterans Court said the board should have dismissed the request as do all claims without prejudice to refiling. Now, under Motorola, you need to have further proceedings on remand in order for a remand predicated on agency error to warrant attorney's fees, and the Halpern claim – Well, if the Veterans Court says we're remanding for further proceedings, why aren't there further proceedings that have been – are required? Further proceedings are not required because under the Halpern case, the court made clear that a remand simply for directions to dismiss without prejudice – But where's the direction to dismiss with prejudice here? The board made – I'm sorry, the Veterans Court, in the body of its decision, I think it made it clear that – Well, maybe in the body it makes some statements, but it issued in the remand order itself, right? It says for further proceedings. It said further proceedings consistent with the decision, but in the decision, it specifically said that the board should have requested all claims without prejudice to refiling.  And I think the body of the decision makes clear that that was the intent of the Veterans Court in sending it back. They weren't intending for any of the claims to be decided. They were simply intending that the board dismiss the case without prejudice. And under the Motorola standard and under cases such as Halpern, the precedent is clear that when a case is simply remanded with directions to dismiss, that doesn't materially alter the legal relationship of the parties because there will be no further proceedings on the merits. Didn't the board – excuse me, the Veterans Court's decision also state that the remand is to submit additional evidence and argument in support of a claim? I would have to look back at it, but I think, again, I think the key is you can't just consider the remand, those few sentences in the remand error alone. I think – Maybe what the court amended is one of the things you can consider is dismissal, but the other thing to consider is take new evidence that she has in support of her claim and to proceed further. I don't think that could – You don't deny that the court didn't permit her to present new evidence. Well, the case law makes clear, I think – No, I'm talking about the Veterans Court decision. The Veterans Court decision says that Mrs. Dover can now submit new evidence in support of her claim. I would need to go back and look at that decision, but I think you have to view the Veterans Court decision – Well, let's say I'm correct on that. Then would you say that there are further proceedings and Mrs. Dover has now the opportunity to submit evidence in support of her claim and it's not necessarily just to dismiss? I don't think the case law supports that because the case law is clear that – Well, let's assume that it does say that. Would you say that Halpern still applies here? I think Halpern does apply because, again, you need to look at the purpose – But Halpern says you remand with an order to dismiss. Okay, here we don't have that. We don't have the word dismiss. It says for further proceedings, in addition, the court is permitting Mrs. Dover to submit new evidence. How does Halpern apply? Halpern applies because when there's an inadequately pledged to claim, the only option in that case is to dismiss it without prejudice. So that has to have been the intent, and the Veterans Court has made clear in cases such as Kennedy that when a request for revision is not pled with the requisite specificity, you can't simply amend that complaint and continue on in the same proceeding. Adjudication will only begin upon the filing of a new request because the case law is clear that a request that is not pled with the requisite specificity is to be dismissed. If we were to find that the court intended – you mentioned the intent, that the Veterans Court intended to permit Mrs. Dover to submit additional evidence in argument in support of her claim. Would you say that that changes the relationship of the parties? I think if the Veterans Court had remanded to the Board, I think it depends. I think the Edie case is illustrative there. Let's take this case. Let's assume that I'm correct, that the decision says that Mrs. Dover will be able to submit additional evidence in argument in support of her claim. Does that instruction or remand change the relationship of the parties? I think Motorola suggests that when a court remands – At least I'm asking for a yes or no answer. Does it change the relationship of the parties? Sure. If the court intends for further proceedings on the merits of the case, that would change the relationship of the parties. Why else would they say argument in support of her claim if the court's now referring to merits? I think the court can't have referred to the merits because the case law is clear that when you have an inadequately pledged Q claim, the only thing you can do with that is dismiss it without prejudice. Again, if you look at the body of the decision, the Veterans Court made clear that they found that the Board should have dismissed all claims without prejudice to re-filing. There's a little ambiguity in the opinion. I mean, I see what Judge Rayne is looking at, at JA 68, where the final sentence is, after ordering a remand, in pursuing her claim on remand, the appellant will be free to submit additional evidence and argument in support of her claim, and the Board is required to consider any such evidence and argument. But then at JA 65, the Veterans Court goes through the law and says, among other things, this court has held that the proper remedy for the Board when confronted with an inadequately pledged Q claim is to dismiss it without prejudice to re-filing, and then signing the regulation stating that the Board must dismiss without prejudice when the Board determines that a Q claim lacks the requisite pleading specificity. And so it goes on and says,  as to all claims without prejudice to re-filing, and then finally wraps up by saying, to the extent that the Board construed the submission, the January 2011 submission is a request for revision. That adjudication was also an error, and then quoting an opinion stating, requests for revision of an RO decision based on Q must first be submitted to and adjudicated by the RO before the Board can attain jurisdiction over the request. So all of that, what you call the body of opinion, strongly suggests that the Board had no power to address any of this. And then we have the final sentence in the opinion saying, hey, on remand, Mr. Dover is free to submit additional evidence. So what do you think is going on here? Well, I think you can analogize this to the Davis case. In the Davis case, this Court made clear that you look beyond the four corners of the remand order in considering the intent of the Veterans Court. And I think here I agree that the remand order is oddly phrased, given the body of the decision, but looking at the body of the decision and looking at the case law. If there's some sort of confusion in the decision of the Court, why should we construe that against Mrs. Davis, Mrs. Dover? Well, I think aside from the fact, I'd like to make a counter to Mr. Carpenter's point that she can go forward. Mrs. Dover is a survivor, and even assuming that the ability to move forward again, that that's what the Court intended, she can't even proceed with her case because survivors cannot initiate freestanding cue claims. And once a claim has been dismissed for failure to plead it with the record of specificity, you need to file a new cue claim in order to continue. And survivors cannot do that with respect to accrued benefits. I'm sorry. So you're saying even if we disagree with you and find that she was a prevailing party, ultimately she's going to get nothing because she can only get survivor benefits. I think she can't be considered a prevailing party for many reasons. I think the first reason is because, I think if you look at the body of the Veterans Court decision and in light of the case law, it's clear that all the Veterans Court intended was to remand with directions to dismiss because that's what's supposed to occur. Well, you're asking us to infer an intent of the Court, but the words speak for themselves. Well, what about the Veterans Court's actual decision on EJFEs at JA2 where the Veterans Court said, well, denied the EJFEs by saying, quote, on remand, Mrs. Dover will not obtain further agency proceedings other than a dismissal, and she did not obtain relief on the merits of her claims, end quote. So maybe that sentence helps clarify the apparent ambiguity in the underlying decision vacating the Board decision. Right. I would agree with that. I think any ambiguity in the initial decision is clarified by that sentence that makes clear that the Veterans Court did not intend for her to have any further proceedings. It stated that she was not going to get any further proceedings aside from a dismissal, and based on that, using the Halpern standard, the Court found correctly that attorney's fees are not appropriate because when you're simply obtaining a dismissal, there are not going to be any further proceedings on the merits, and under Morolla, the remand needs to require further proceedings on the merits in order to be a prevailing party. Now, if this Court doesn't have any further questions, I respectfully request that the Court affirm the decision of the Veterans Court denying Mrs. Dover attorney's fees. Thank you, Ms. Cole. Thank you. Mr. Coffender has 315. I would direct the Court's attention to the joint appendix at pages 121 to 143. This is evidence of the further proceedings below. Notwithstanding what the Court may have intended or this Court might infer of its intent, there were further proceedings. If there were further proceedings under Motorola, Mrs. Dover was a prevailing party. To the government's point about Mrs. Dover's ability to replete, the government misstates the law to this panel. The rule on repleting applies if there hasn't been a final board decision or judicial review of that board decision. I direct the Court's attention to part 20 of VA regulations in chapter 38. I can't give you the exact citation. I don't remember it off the top of my head, but it does specifically say that when a board reviews a request for revision and makes a final decision, unless that decision is appealed to the Veterans Court, that decision becomes final and no further pleadings can be made. What happened in this case was the board made a final decision as to two requests for revisions. Those were final until the action taken by the Veterans Court to vacate those because they were illegally, unlawfully entered. They were procedurally incorrect. The next point is that Mrs. Dover is a substituted appellant. Again, the government misstates the law. Mrs. Dover has stepped into the shoes not as a survivor, but as a substituted appellant. Congress in 2009, I believe, amended the statute to allow for substitution. Substitution is different from filing a accrued benefit claim in the first instance. Can you remind me again where is Mrs. Dover with respect to getting these veterans benefits? The request for revision that was remanded for consideration in the first instance by the VA has been decided. That has been decided adversely. Both requests were denied. She is within her one-year appeal period at this time to continue an appeal of the VA's now correct addressing of those repleds. Is the government disputing whether she has, I don't know what the right word is, standing? They certainly had the opportunity to do that, Your Honor, and they didn't. They issued a decision. That's my whole point, that the government, notwithstanding what they've said to this panel, has acted in recognition, and they have to because she is a substituted appellant. She has a different standing because she is not just a survivor under 5121, but she is a survivor under 5121A as a substitute appellant. And she has every right that Mr. Dover had while he was alive to finish his appeal. That's why this is not separate proceedings. There is no separate proceeding here. This is a continuation of the proceeding commenced by Mr. Dover when he was alive. Unless there's further questions from the panel, I thank you very much for your time. Thank you, Mr. Coffman. We'll take the case out of the closet. All rise. The Honorable Court is adjourned from day to day.